UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE, | Case No. 1:25-cv-00661-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| NORTH KERN STATE PRISON, | (Doc. No. 17) |
| Defendant. | |

Pending before the Court are pro se Plaintiff's motion to appoint counsel filed on September 29, 2025. (Doc. No. 17 "Motion"). Plaintiff seeks appointment of counsel because: (1) he cannot afford legal representation, (2) he believes his case is complex, (3) he lacks legal training and resources, (4) his incarceration limits his ability to litigate and (5) he has limited access to the law library. (*See id.*). For the reasons set forth below, the Court denies Plaintiff's Motion.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id*. at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved.  *Id*.; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  First, Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *see also Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Nor is Plaintiff's inability to find counsel "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  Contrary to Plaintiff's assertion, the Court does not find that the legal issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).

Plaintiff's purported lack of general knowledge of the law and or ability to litigate a case are common challenges faced by pro se litigants but do not warrant appointment of counsel.  *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants.").  Nothing in the record suggests that Plaintiff lacks the ability to competently litigate this case. Plaintiff's general complaints concerning limitations in accessing information due to his confinement do not warrant appointment of counsel.  *See id*.; *see also Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) ("[p]risoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library.") (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  The Court is sensitive to the fact that Plaintiff is proceeding pro se and is incarcerated; however, he faces the same obstacles all pro se

prisoners face. To the extent Plaintiff requires additional time to comply with a court order or research his claim, he may move for an extension of time, which the Court is lenient in granting.

Finally, this case has not passed the screening stage. Thus, at this stage of the proceedings, Plaintiff cannot demonstrate a likelihood of success on the merits. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine the plaintiff's likelihood of success on the merits because fact discovery had not been completed).

Thus, Plaintiff has not demonstrated exceptional circumstances that warrant appointment of counsel at this stage of the proceedings.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 17) is DENIED.

Dated:     September 30, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3